UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

SARASOTA COUNTY PUBLIC
HOSPITAL BOARD d/b/a SARASOTA
MEMORIAL HEALTH CARE SYSTEM,

    Plaintiff,

v.

                                            CASE NO.:  8:18-cv-02873-T-23SPF

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC., and HEALTH OPTIONS,
INC.,

    Defendants.
_____/

## QUALIFIED PROTECTIVE ORDER

THIS CAUSE, having come before the Court upon the Joint Motion for Entry of a Qualified Protective Order filed by the parties, collectively, and the Court having reviewed the parties' joint motion, it is hereby,

ORDERED AND ADJUDGED as follows:

1. In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (*see* Pub. L. 104-191, 110 Stat. 1936), as amended by the Health information Technology for Economic and Clinical Health Act (the "HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively, the "HIPAA Rules"), including specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), and in addition, the requirements under 42 C.F.R. Part 2, as well as all state laws and regulations

regarding the privacy and security of personal information (collectively with the HIPAA Rules, the "Privacy Rules"), the Court hereby enters this Qualified Protective Order, as that term is defined in the Privacy Rules.

2. The current Parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned litigation are hereby authorized through discovery to receive, subpoena, and transmit "protected health information" ("PHI") pertaining to Plaintiff's past, present, and future patients and Defendants' past, present, and future insureds (including insureds covered by insurance plans administered but not issued by Defendants) (collectively, the "Insureds"), to the extent that such information is otherwise discoverable, reasonably accessible, and not objectionable, subject to all conditions outlined herein.

3. For the purposes of this Order, PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, PHI refers to individually identifiable health information, including demographic information, collected from an individual, that: (1) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and (2) relates to the past, present, or future physical or mental health or condition of an individual, or the past, present, or future payment for the provision of health care to an individual, and (i) that identifies the individual, or (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

4. All parties must fully comply with all applicable discovery rules, statutes, and precedent, including 42 C.F.R. Part 2 where applicable. Upon such compliance, all "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI pertaining to Insureds to the attorneys for the parties now of record in this litigation, or who may become of record in the future in this litigation.

5. The parties and their attorneys shall be permitted to use and disclose PHI pertaining to Insureds solely for the matters reasonably connected with this litigation. Permitted disclosures may be made in this litigation to: (a) the Court and its support staff; (b) court or deposition reporters; (c) counsel of record in this litigation; (d) shareholders, partners, associates, secretaries, paralegal assistants, and employees of counsel of record, but only to the extent reasonably necessary to render professional services in this litigation; (e) the named Parties and their corporate affiliates, officers, directors, employers, employees, or agents, but only to the extent reasonably necessary to render professional services in this litigation; (f) witnesses, experts, and consultants; (g) employees of third-party contractors providing litigation support services; (h) jurors; and (i) mediators and any magistrate or special master. The recipients of PHI pertaining to Insureds shall maintain it as confidential and are prohibited from using or disclosing it for any purpose other than in this litigation.

With respect to items 5(f) and 5(g) above, any witness who is not an officer, director, or employee of any of the Parties to this litigation; any expert, consultant, or employee of any such expert or consultant; and any employee of a third-party contractor providing litigation support services, who is to be provided or shown PHI in the course of this litigation, must first receive a copy of this Order and execute a copy of the Third-Party Attestation attached hereto as **Exhibit 1**.

All parties and persons or entities who might receive PHI (including all signatories to Exhibit 1) agree that they will (1) comply with the Privacy Rules; (2) establish contractual controls that require any vendors, experts, or third parties that might receive PHI to comply with the Privacy Rules; and (3) undertake due diligence to verify that the privacy and security protections of any such vendors, experts, or third parties comply with the Privacy Rules.

6. PHI pertaining to Insureds shall not be contained, referenced within, or annexed to a pleading, motion, exhibit, or other pretrial paper submitted to the Court, unless such PHI is redacted or the paper bears an appropriate legend and the Court authorizes it to be filed under seal. The use PHI at trial, including trial exhibits containing PHI, will be addressed by the Court closer to trial.

7. Within 90 days of the conclusion of this litigation as to any Party (which shall be defined as the point at which final orders disposing of the entire case as to that particular party have been entered and the time for any appellate proceedings concerning such orders have expired or appeal rights exhausted), that Party and any person or entity in possession of PHI received from another Party or person pursuant to this Order shall destroy any and all copies of such PHI. Notwithstanding the foregoing, counsel of record and in-house counsel for each Party may each retain, subject to this Order, the pleadings, documents filed with the Court, depositions, and discovery responses, and may retain any documents and copies thereof which are work product (collectively, the "Permitted Materials"), except to the extent the Permitted Materials contain PHI of a member or insured of a payor other than one of the Defendants named in this action or one of its or their respective affiliates, in which case those portions of the Permitted Materials shall be destroyed in conformance with this Order.

8. Nothing contained in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or attorney-client communications. Moreover, the Parties may seek additional protection from the disclosure and use of any documents and information for which they believe this Order does not provide adequate protection or with respect to documents and information which they believe are not subject to disclosure pursuant to applicable statutes, rules, regulations, or other applicable law.

DONE AND ORDERED in Tampa, Florida, this 8th day of October 2019.

*[signature]*

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

Copies to all counsel of record.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

SARASOTA COUNTY PUBLIC
HOSPITAL BOARD d/b/a SARASOTA
MEMORIAL HEALTH CARE SYSTEM,

    Plaintiff,

v.                                        CASE NO.: 8:18-cv-02873-T-23SPF

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC., and HEALTH OPTIONS,
INC.,
    Defendants.
_____/

## THIRD-PARTY ATTESTATION

    This is to certify that the undersigned has read and is fully familiar with the provisions of the Qualified Protective Order ("Order") entered on _____ in the above-captioned litigation. As a condition precedent to my receipt and examination of Protected Health Information disclosed pursuant to the Order, or my obtaining any information derived from Protected Health Information, I hereby agree that the Order shall be deemed to be directed to and shall include me, and that I shall be bound by, observe, and comply with the provisions of the Order. I further agree that I shall be subject to the Court's enforcement and jurisdiction for any violation or attempted violation of the provisions of the Order.

                                                                _____
                                                                 Name (Signature)

                                                                 _____
                                                                Name (Printed)

                                                                _____
                                                                Relationship to or interest in this Litigation

Dated: _____